THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Petitioner, </br></br> v. </br></br> THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, </br></br> Respondent. | ) ) ) ) ) ) ) Civil Action No. 2:25-CV-06502-GJP ) ) ) ) ) ) ) |

**EEOC'S OPPOSITION TO RESPONDENT'S
MOTION TO REASSIGN RELATED[1] CASE**

The Equal Employment Opportunity Commission ("EEOC" or "the agency") filed this subpoena enforcement action on November 18, 2025, seeking information related to a Commissioner's charge alleging that Respondent subjected its workforce to a hostile work environment based on religion, race, and national origin. This action was necessary as Respondent has refused to supply EEOC with information needed to complete its investigation. Respondent now seeks to have this action reassigned to the Honorable Mitchell Goldberg who presided over, and dismissed, *Yacoby, Davis, Rubin, and Students Against Antisemitism, Inc. v. The Trustees of the University of Pennsylvania*, C.A. No. 2:23-cv-04789 ("*Yacoby*"), an action that does not legally relate to, or overlap with, the present subpoena enforcement proceeding. Respondent's attempt to get this action before Judge Goldberg should be rejected as it has failed to show how reassignment is warranted under the local rules.

---

[1] For docketing simplicity, EEOC adheres to Respondent's document title, but rejects the premise that this action is at all related to an earlier case.

The administrative subpoena enforcement action filed by the EEOC against Respondent relates solely to an administrative investigation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") seeking information about victims of and witnesses to an alleged antisemitic hostile work environment throughout Respondent's workplace. EEOC has not brought a substantive Title VII hostile work environment action against Respondent, as any such action would be premature as Respondent's refusal to comply with a lawful administrative subpoena issued by the agency is impeding the investigatory steps. This administrative subpoena enforcement action is entirely different from the substantive Title VI action presided over by Judge Goldberg, brought by students at Respondent.[2] As with all EEOC subpoena enforcement actions, the Court will not be adjudicating the merits of the allegations contained in the Commissioner's charge.[3] Rather, it will simply be determining whether the EEOC sought relevant information through its administrative subpoena, and whether Respondent has met its burden in establishing that compliance with the subpoena would pose an undue burden on its operations. ECF 1 at 15-18.

Local Rule 40.1 Section IV sets forth the following factors for assessing whether a newly filed case is related to a prior filed civil case:

    i.    involve property included in an earlier numbered suit;
    ii.    involve a transaction or occurrence which was the subject of an earlier numbered suit;
    iii.    involve the validity or infringement of a patent which was the subject of an earlier numbered suit;
    iv.    are filed by the same pro se individual as an earlier numbered suit, other than a habeas or social security action;

---

[2] Judge Goldberg dismissed that action which currently is on appeal to the Third Circuit. And that court's ruling in favor of Respondent no doubt underlies Respondent's Motion to reassign this administrative subpoena enforcement action to Judge Goldberg.

[3] The EEOC in no way concedes that any potential substantive Title VII action that may eventually be filed would be related to the *Yacoby* suit and preserves all arguments that a substantive Title VII action should not be designated as related either.

| | |
|---|---|
| v. | are filed by the same habeas petitioner, whether proceeding pro se or with counsel; or |
| vi. | involve a social security appeal filed by the same individual, whether proceeding pro se or with counsel. |

E.D. Pa. Civ. R. 40.1 §IV. Though Respondent, in its Motion, has not discussed these factors, it would be hard-pressed to argue that factors i and iii-vi apply. Respondent presumably relies on factor ii, claiming that since both actions involve antisemitism, the two must be related. But such a superficial analysis cannot prevail:

- The legal underpinnings of the present proceeding and *Yacoby* are separate and distinct:

    o *Yacoby* alleged violations of Title VI of the Civil Rights Act of 1964 ("Title VI"), breach of contract, and Pennsylvania Unfair Trade Practices and Consumer Protection Laws, 73 Pa. Stat. Ann.§201-1 *et seq.*

    o The current proceeding is a subpoena enforcement action premised on EEOC's investigative authority authorized by Sections 709(a) and 710 of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e-8(a) and -9. The current proceeding is simply a mechanism to obtain information necessary for the EEOC to conduct an investigation.

- The legal interests of the two actions are distinct. The *Yacoby* action sought redress for student victims of antisemitism. The current proceeding seeks subpoenaed information to complete an agency investigation.

- *Yacoby* addresses the rights of students; the present administrative subpoena action addresses the rights of the agency, specifically its obligations and entitlement to obtain information to conduct an investigation.

- Alleged victims in the *Yacoby* action have no relation to the "victim" in the current proceeding -- the agency deprived of information necessary to conduct its investigation.

- Whenever EEOC obtains the subpoenaed information, such information would pertain to potential victims who do not overlap with any alleged victims in *Yacoby*. Accordingly, the underlying allegations would involve different facts, harassers, and victim population, separate and apart from what was alleged in *Yacoby*.

- The *Yacoby* action is closed in the district court and currently on appeal before the Third Circuit, whereas the EEOC administrative subpoena is at a relatively early stage in an administrative investigation and not at all ripe for litigation.

- The *Yacoby* action addressed substantive hostile environment allegations. The current proceeding is procedural and focused solely on EEOC's ability to conduct investigations.

- A ruling in this subpoena enforcement matter would not legally or factually determine issues in the *Yacoby* case (which again, already is closed).

- Familiarity with the *Yacoby* docket in no way would facilitate effectively ruling in this proceeding, as this matter is a self-contained discrete issue on EEOC's ability to obtain subpoenaed information.

No judicial efficiency is promoted by reassigning this case to the *Yacoby* court. This Court is capable of assessing the unique standards for subpoena enforcement and assessing whether the information sought is relevant to the Commissioner's charge.[4] Respondent, a large

---

[4] Respondent relies on the Commissioner's charge, issued shortly after the dismissal of *Yacoby*, as justification for reassignment. Its suggestion that the Commissioner's filing shortly thereafter makes these

university employer, is not entitled to a dedicated judge just because it may be named in multiple suits under different statutes. *Yacoby* presented the Court with a merits lawsuit involving allegations of antisemitism against students. That Respondent is now refusing to comply with a subpoena in the EEOC's investigation of whether it maintained an antisemitic work environment does not justify transfer to a judge of Respondent's choosing. Relation requires more, and it is not present here under the local rules. Nor does Respondent's desired outcome serve judicial efficiency.

      Accordingly, the EEOC requests that the Court deny Respondent's Motion.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

/s/
DEBRA M. LAWRENCE
Regional Attorney
Philadelphia District Office
31 Hopkins Pl., Suite 1432
Baltimore, MD 21201
410 801-6691
Debra.lawrence@eeoc.gov

CERTIFICATE OF SERVICE

I hereby certify that the above-referenced document was served this 3rd day of December, 2025 via ECF to all counsel of record.

/s/
Debra M. Lawrence

---

cases related misconstrues the rule. Local Rule 40.1 is not triggered by temporal sequence but by substantial overlap. There is none here.