**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>           Petitioner,<br><br>v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,<br>           Respondent. | Case No. 2:25-cv-06502 (GJP) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO FILE UNDER SEAL DECLARATIONS IN SUPPORT OF
MOTION TO INTERVENE AS DEFENDANTS**

Mark A. Aronchick
Matthew A Hamermesh
Eitan G. Kagedan
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200
maronchick@hangley.com
mhamermesh@hangley.com
ekagedan@hangley.com

Harold Craig Becker
Norman L. Eisen
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave., S.E., No. 15180
Washington, D.C. 20003
(202) 594-9958
norm@democracydefenders.org
craig@democracydefenders.org

Witold J. Walczak
Stephen Loney
Ariel Shapell
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
(215) 592-1513
vwalczak@aclupa.org
sloney@aclupa.org
ashapell@aclupa.org

Seth Kreimer
3501 Sansom St.
Philadelphia, PA 19104
Telephone: (215) 898-7447
skreimer@law.upenn.edu

Amanda Shanor
3730 Walnut Street
Philadelphia, PA 19104
203-247-2195
shanor@upenn.edu

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARD ............................................................................................................ 2

III. THE PROPOSED INTERVENORS SHOULD BE PERMITTED TO FILE CERTAIN DECLARATIONS UNDER SEAL............................................................................ 3

IV. CONCLUSION ...................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Equal Employment Opportunity Commission v. Kronos Inc.*,
   620 F.3d 287 (3d Cir. 2010)........................................................................................................2

*Gratz College v. Synergis Education Inc.*,
   No. CV 14–06966, 2015 WL 9582743 (E.D. Pa. Dec. 30, 2015) .........................................2, 3

*Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*,
   998 F.2d 157 (3d Cir. 1993)........................................................................................................3

**Other Authorities**

E.D. Pa. Local Civ. R. 5.1.5...............................................................................................................2

Fed. R. Civ. P. 5.2.............................................................................................................................2

The American Academy of Jewish Research, the Jewish Law Students Association of the University of Pennsylvania Carey Law School, the National and University of Pennsylvania chapters of the American Association of University Professors, and the Penn Ascociation of Senior and Emeritus Faculty (the "Proposed Intervenors") submit this memorandum of law in support of their Motion for Leave to File Under Seal two of the declarations – those submitted by JLSA and AAJR –they are submitting in support of their Motion to Intervene as Defendants in the above-captioned action (the "Motion to Intervene"), in order to protect the declarants' identity.

## I.     INTRODUCTION

In this action, the U.S. Equal Employment Opportunity Commission ("EEOC") seeks to enforce a Subpoena to the Trustees of the University of Pennsylvania ("Penn" or the "University") demanding, among other things, that Penn create and turn over a list of all its Jewish and Jewish-affiliated campus organizations, together with a roster of their members, along with so-called "pedigree information" which is personal cell phone number, personal email addresses, and home addresses. The Proposed Intervenors are 5 organizations whose members include Jewish, faculty, staff, and students whose identities, personal information, safety, and fundamental Constitutional rights are directly threatened by the EEOC's Subpoena. As explained in the Proposed Intervenors' Memorandum of Law in support of the Motion to Intervene, the Proposed Intervenors seek to intervene to protect their and their members' constitutional rights of association, religion, privacy, and free speech.

The Proposed Intervenors are submitting declarations from each organization in support of the Motion to Intervene. However, these declarations include personal identifying and contact information for the declarants, precisely the information sought

through the Subpoena. Requiring the Proposed Intervenors to file these declarations publicly breaches this right to privacy, precisely the result they seek to prevent by intervening. Two of the organizational declarants fear that public filing of these declarations could create significant risks of harms to them and their colleagues. These Proposed Intervenors respectfully submit that these considerations create good cause to file their full declarations under seal to protect the declarants' identity, but allowing the substance of their respective declarations to be filed on the public docket.[1]

## II.   LEGAL STANDARD

Rule 5.2(d) provides: "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). Under the local rules of this Court, "[a] document in a civil action may be filed under seal only if … the Court orders the document sealed." E.D. Pa. Local Civ. R. 5.1.5(a)(2).

In the Third Circuit, documents may be filed under seal for good cause. *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994)). "The Third Circuit Court of Appeals, on numerous occasions, has affirmed the public's right to inspect and copy public records and documents, including judicial records and documents." *Gratz Coll. v. Synergis Educ. Inc.*, No. CV 14–06966, 2015 WL 9582743, at *1 (E.D. Pa. Dec. 30, 2015) (citations omitted). "If a party wishes to rebut this presumption of public access, that party has the burden 'to show that the interest in secrecy outweighs the presumption.'" *Id.* at *2 (quoting *Bank of*

---

[1]   Specifically, the Proposed Intervenors seek to file the declarations filed on behalf of the JLSA and AAJR under seal. These declarations – referenced herein as "JLSA Declaration" and "AAJR Declaration" – are attached to the Memorandum of Law in Support of the Motion to Intervene as Defendants as Exhibits A and B.

*Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates,* 800 F.2d 339, 343 (3d Cir. 1986)). "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993. "The moving party 'bears the burden of showing that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking' to seal the materials." *Gratz Coll.*, 2015 WL 9582743, at *1 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

### III. TWO INTERVENORS SHOULD BE PERMITTED TO FILE DECLARATIONS WITH PERSONALLY IDENTIFYING INFORMATION UNDER SEAL

The Proposed Intervenors seek leave to file two of the five declarations supporting the intervention motion under seal because filing them publicly and providing unredacted versions to the EEOC could harm them in numerous ways. The identifying and contact information contained in the declarations is precisely the sort of information courts protect, and requiring that it be filed publicly "will work a clearly defined and serious injury" on the declarants. *Gratz Coll.*, 2015 WL 9582743, at *1 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

*First,* requiring that the declaration be filed publicly would accomplish precisely what the Proposed Intervenors seek to prevent by intervening. Some of the declarants are faculty, staff, or students at the University of Pennsylvania who belong to Jewish organizations. The subpoena at issue in this action seeks production of those declarants' identities and contact information. The declarations at issue include information identifying the declarants, who are members of Jewish organizations at the University of Pennsylvania. Requiring the declarations to be filed publicly would accomplish precisely

what the Subpoena seeks, and what the Proposed Intervenors seek to prevent by asserting their and their members' constitutional right to privacy in associations. Allowing the EEOC to accomplish its goal through the backdoor of denying a motion to seal is unfair and infringes the Proposed Intervenors' and the declarants' rights.

*Second,* the declarants reasonably fear that making their identity as declarants in this action public would put them in danger. *See, e.g.,* JLSA Declaration ¶ 17 ("We have requested that our attorneys submit this declaration with our identities under seal because we are afraid of the safety implications of having our names and contact information turned over to any party – never mind an entity as powerful as the government – merely because we are Jewish, especially given the rise in antisemitism in recent years and the tragic history of similar lists."); AAJR Declaration ¶ 15 ("I have requested that our attorneys submit this declaration with my identity under seal because I am concerned about the potential harm to my privacy and safety of having my name and personal information disclosed to the government and potentially to other entities."). The declarants' fears for their personal safety weigh heavily in favor of the limited sealing sought in this motion.

*Third,* one of the declarants is affiliated with another university and fears that publicizing her involvement in this case and her current institution could put her employer at risk. AAJR Declaration ¶ 16 ("Additionally, I want to protect my employer from any retaliation or other ill-consequences at the hands of the government or other entities due to my declaration.") The risk to third parties not directly involved in this action further supports the instant motion.

Moreover, the proposed redactions are narrowly tailored. Proposed Intervenors' redactions are minimal, blocking only the names and other identifying information

concerning the respective declarants. The remaining information in the declarations is not redacted, and thus available to parties and the public. This includes the information primarily relevant to the Motion to Intervene – the nature and purposes of the Proposed Intervenors and their interests in this action. The proposed redactions are the minimal amount necessary to protect the Proposed Intervenors' and their declarants' legitimate interests. Accordingly, the Proposed Intervenors plainly have good cause to file the JLSA and AAJR Declarations under seal.

    Declarants for the other three Proposed Interveners have made the choice not to redact their identities. That is a choice they have made after careful consideration, based on their personal, and the organization's, unique circumstances. The limited redactions, shielding identity information, sought by the other two Proposed Interveners is based on their unique circumstances and a sincere belief that their safety and security interests require such protection.

    Penn consents to filing Exhibits A and B under seal; the EEOC has not responded to a request for consent as of the time of filing.

## IV. CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court enter an order granting them leave to file the JLSA and AAJR Declarations under seal and allowing them to file publicly and serve on the other parties only appropriately redacted versions of these declarations.

Respectfully submitted,

Dated: January 13, 2026

By: */s/ Matthew A Hamermesh*
    Mark A. Aronchick
    Matthew A Hamermesh
    Eitan G. Kagedan
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200
maronchick@hangley.com
mhamermesh@hangley.com
ekagedan@hangley.com

Harold Craig Becker
Norman L. Eisen
Democracy Defenders Fund
600 Pennsylvania Ave., S.E., No. 15180
Washington, D.C. 20003
(202) 594-9958
norm@democracydefenders.org
craig@democracydefenders.org

Seth Kreimer
3501 Sansom St.
Philadelphia, PA 19104
(215) 898-7447
skreimer@law.upenn.edu

Witold J. Walczak
Stephen Loney
Ariel Shapell
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
(215) 592-1513
vwalczak@aclupa.org
sloney@aclupa.org
ashapell@acluepa.org

Amanda Shanor
3730 Walnut Street
Philadelphia, PA 19104
203-247-2195
shanor@upenn.edu

*Counsel for the Proposed Intervenors*

- 6 -