UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Petitioner, <br><br> v. <br><br> THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, <br><br> Respondent. | No. 2:25-cv-06502 (GJP) |

### DECLARATION OF DEBO P. ADEGBILE

I, Debo P. Adegbile, declare and state as follows:

1. I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP and serve as counsel for the Trustees of the University of Pennsylvania in the above-captioned action. I am fully familiar with the facts set forth in this declaration.

2. I submit this declaration in support of the Trustees of the University of Pennsylvania's ("Penn") Answer to the U.S. Equal Employment Opportunity Commission's ("EEOC") Application for an Order to Show Cause.

3. On December 8, 2023, then-Commissioner Andrea Lucas filed a charge against Penn.

4. In January 2024, my colleagues spoke with the EEOC investigator to request particulars as to the charge. On April 1, 2024, the investigator emailed my colleagues, declining to provide further details and requesting that Penn file a position statement in response to the charge on April 16, 2024.

5. On April 16, 2024, Penn filed a position statement in response to the charge.

1

6. On March 27, 2025, the EEOC issued a request for information ("RFI").

7. In response to the RFI, Penn made three productions, producing 89 documents that totaled over 800 pages and included the names of employees who consented to having their information shared with the EEOC.

8. On April 28, 2025, Penn made its first production to the EEOC, responding to Request Nos. 2, 3, and 6 of the RFI. In this production, Penn produced documents showing all policies and procedures regarding discrimination or harassment, including all reporting procedures available for employees to make complaints of discrimination or harassment. Penn noted its availability to discuss any questions the investigator had regarding Penn's responses.

9. On May 12, 2025, Penn made a second production to the EEOC, responding to Request Nos. 1, 4, 5, and 7 of the RFI, and again noted its availability to discuss any questions the investigator had regarding Penn's responses.

10. In Response to Request No. 1,[1] Penn produced all responsive complaints received through the reporting procedures available for employees to make complaints of discrimination

---

[1] Request No. 1 states:

Produce complaints by employees; including but not limited to: faculty (including, but not limited to, tenured, non-tenured, and adjunct professors), staff, and other employees (including, but not limited to, students employed by the University), of discrimination based on Jewish religion, faith, ancestry/National Origin and/or complaints of anti-Semitism from November 1, 2022, to the present. For each complaint, produce the following information:
   a. First and Last name of complaining employee;
   b. Position title of complaining employee;
   c. Dates of employment of complaining employee;
   d. The complaint;
   e. The method of complaint (ie hotline, email, in-person, etc.);
   f. Identify Respondent Official(s) by name (first and last) and position title who had a role in the investigation, disposition or outcome of the complaint;
   g. What the Respondent did in response to the complaint; and,
   h. Complete investigation to include witness interviews, disposition reports, corrective action issued, etc.

2

or harassment, including materials showing the method by which the complaints were made, the responding official(s), what Penn did in response to the complaint, how the complaint was resolved, and, where the complaint led to a formal investigation, the final investigative report.

11. In total there were two responsive complaints during the relevant time period from employees, and one complaint formally filed by Penn's Division of Public Safety following a police report by an employee.

12. Penn requested that the employee(s) who made each complaint responsive to Request No. 1 confirm whether they consent to Penn disclosing their identity to the EEOC in response to the Request. The two employees who made complaints responsive to Request No. 1 did not consent to Penn providing their names in response to the Request.

13. In response to Request No. 4,[2] Penn produced all responsive employee police reports made to the University of Pennsylvania Police Department, including a summary of the report, the date and on-campus location (where applicable), the immediate police response, and the outcome or status of the investigation. In total, there were 6 responsive police reports during the time period from employees. This included a report made to Penn's Division of Public

---

This Request was re-issued in the EEOC's subpoena as Request No. 1.

[2] Request No. 4 states:

Produce records from the University of Pennsylvania Police Department related to employee complaints of antisemitic conduct, harassment and discrimination occurring from November 1, 2022, to the present. For each record produced, provide the following information:
    a. First and Last name of complaining party;
    b. Dates of employment;
    c. Last known contact information to include address, phone number and email address;
    d. Position title.
    e. The police report;
    f. Outcome of the investigation; and,
    g. Identify any criminal charges filed as a result of the complaint.

Safety about a social media post by the account "penn.against.the.occupation," in response to which the Division of Public Safety filed a complaint through Penn's reporting procedures for complaints of discrimination or harassment.

14. Penn requested that the employee(s) who made each police report responsive to Request No. 4 confirm whether they consent to Penn disclosing their identity to the EEOC in response to the Request. As of the date of its May 12, 2025 response, Penn received consent from one employee who made a police report, and it disclosed that individual's name and contact information to the EEOC. Penn later received consent from an additional employee who made a responsive police report and Penn made an additional production on May 22, 2025 disclosing that individual's name and contact information to the EEOC.

15. In response to RFI Request No. 5,[3] Penn produced a list of organizations related to the Jewish religion, faith, ancestry/National Origin based on a search of Penn's websites and those of the University's campus partner organizations.

---

[3] Request No. 5 states:

Produce a list of all clubs, groups, organizations and recreation groups (hereinafter referred to as "organizations") related to the Jewish religion, faith, ancestry/National Origin. For each organization listed, produce the following information:
   a. Name of organization;
   b. Indicate if the organization is run by employees and/or volunteers;
   c. Identify the organization Point of Contact by first and last name;
   d. Produce the organizations Point of Contact's contact information to include phone number, email address and mailing address;
   e. Produce a roster of organization members. For each member listed, indicate if they are a University employee or volunteer;
   f. For employees identified on the roster, produce their last known contact information to include personal phone number, email address and mailing address; and,
   g. Produce the organization's website, if applicable.

This Request was re-issued in the EEOC's subpoena as Request No. 2.

16. On May 22, 2025, Penn made its third production to the EEOC, updating its response to Request No. 4 with the name and contact information of an additional employee who had given Penn consent to share their information with the EEOC after the May 12, 2025 production. Penn again noted its availability to discuss any questions the investigator had regarding Penn's responses.

17. On June 11, 2025, Penn received EEOC Subpoena PA-25-04, dated May 16, 2025. On June 18, 2025, Penn filed a petition to revoke Subpoena PA-25-04 because, among other things, it was improperly served.

18. On July 23, 2025, the EEOC served Subpoena PA-25-07. On July 30, 2025, Penn filed a petition to revoke or modify EEOC Subpoena PA-25-07.[4]

19. On September 2, 2025, the EEOC issued a determination regarding Penn's petition to revoke or modify EEOC Subpoena PA-25-07. The determination modified Request No. 2, seeking membership lists of Jewish organizations, clarifying that the request sought employee information. The determination set a return date of September 23, 2025 for the subpoena.

20. On September 16, 2025, I emailed the EEOC investigator stating that Penn had a proposal regarding how it may satisfy some of the EEOC's requests and requested a discussion. Because the September 23, 2025 response deadline was during Rosh Hashanah, I requested that we speak after the holiday. I noted that Penn was still preparing to respond to several requests by the September 23, 2025 deadline and planned to address other requests following the discussion

---

[4] I had two initial conversations with EEOC investigators seeking to discuss Penn's response to the subpoena on July 25, 2025 and August 26, 2025.

with the EEOC and subject to the outcome of the discussion. The investigator agreed to schedule a phone call on September 25, 2025.

21. On September 23, 2025, Penn produced 14 documents, consisting of 53 pages, which raised Penn's total production to the EEOC to 103 documents and nearly 900 pages.

22. On September 25, 2025, I had a call with the EEOC investigator and proposed satisfying the outstanding requests by disseminating to *all* employees information about the EEOC's investigation, the agency's interest in speaking directly to employees with information, and instructions for how employees could reach the agency directly, unmediated by Penn. Later that day, the investigator informed me that the EEOC did not accept the offer and would move to enforce the subpoena.

23. Attached as Exhibit 1 is a true and correct copy of the December 8, 2023 charge issued by then-Commissioner Andrea Lucas against Penn.

24. Attached as Exhibit 2 is a true and correct excerpted copy of Penn's April 16, 2024 position statement in response to the charge.

25. Attached as Exhibit 3 is a true and correct copy of now-EEOC Chair Andrea Lucas' March 5, 2025 press release, found at https://www.eeoc.gov/newsroom/eeoc-acting-chair-promises-hold-accountable-universities-and-colleges-antisemitism-campus.

26. Attached as Exhibit 4 is a true and correct copy of the EEOC's March 27, 2025 request for information.

27. Attached as Exhibit 5 is a true and correct copy of Penn's April 28, 2025 letter to the EEOC.

28. Attached as Exhibit 6 is a true and correct copy of Penn's May 22, 2025 letter to the EEOC.

29. Attached as Exhibit 7 is a true and correct copy of EEOC Subpoena PA-25-04, dated May 16, 2025, which Penn received on June 11, 2025.

30. Attached as Exhibit 8 is a true and correct copy of EEOC Subpoena PA-25-07, issued on July 23, 2025.

31. Attached as Exhibit 9 is a true and correct copy of the petition Penn filed on July 30, 2025, to revoke or modify EEOC Subpoena PA-25-07.

32. Attached as Exhibit 10 is a true and correct copy of the EEOC's September 2, 2025 determination regarding Penn's petition to revoke or modify EEOC Subpoena PA-25-07.

33. Attached as Exhibit 11 is a true and correct copy of Penn's September 23, 2025 letter to the EEOC.

34. Attached as Exhibit 12 is a true and correct copy of Penn's September 26, 2025 letter to the EEOC.

35. Attached as Exhibit 13 is a true and correct copy of the November 19, 2025 statement from the American Association of University Professors—Penn, found at https://aaup-penn.org/statement-of-the-aaup-penn-2executive-committee-on-the-eeoc-investigation-of-penn/.

36. Attached as Exhibit 14 is a true and correct copy of the November 20, 2025 statement by the Jewish Federation of Greater Philadelphia.

37. Attached as Exhibit 15 is a true and correct copy of the November 21, 2025 joint statement by Penn Hillel and MEOR Penn, found at https://www.instagram.com/p/DRVErqkkZY2/.

38. Attached as Exhibit 16 is a true and correct copy of the November 24, 2025 statement by the American Council on Education, found at https://www.acenet.edu/News-Room/Pages/Statement-Supporting-Penn-on-EEOC-Subpoena-.aspx.

39. Attached as Exhibit 17 is a true and correct copy of the November 25, 2025 letter issued by the Association for Jewish Studies to administrators at Penn, found at https://www.associationforjewishstudies.org/docs/default-source/letters-from-the-board/the-ajs-executive-committee%27s-letter-to-university-of-pennsylvania-(11-2025).pdf?Status=Master&sfvrsn=a1a8fab3_3.

40. Attached as Exhibit 18 is a true and correct copy of the resolution that the University of Pennsylvania's Faculty Senate Executive Committee unanimously adopted on December 10, 2025, found at https://facultysenate.upenn.edu/.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 20, 2026, in New York, New York.

Dated: January 20, 2026                    /s/ Debo P. Adegbile

                                           Debo P. Adegbile (*pro hac vice*)
                                           WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                           7 World Trade Center
                                           250 Greenwich Street
                                           New York, NY 10007
                                           Telephone: (212) 230-8864
                                           Facsimile: (212) 230-8888
                                           debo.adegbile@wilmerhale.com