IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *Petitioner,* v. THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, *Respondent.* | CIVIL ACTION NO. 25-6502 |

Pappert, J.                                                                          February 3, 2026

## MEMORANDUM

The United States Equal Employment Opportunity Commission seeks to enforce an administrative subpoena served on the Trustees of the University of Pennsylvania as part of the EEOC's investigation of potential unlawful employment practices by the University. Penn opposes judicial enforcement of the subpoena on various grounds.

Several groups—the American Academy of Jewish Research, the Jewish Law Students Association of the University of Pennsylvania Carey Law School, the national and University of Pennsylvania chapters of the American Association of University Professors and the Penn Association of Senior and Emeritus Faculty—seek to intervene in support of the University. The proposed intervenors also move to seal, and thus keep secret, the names of individuals who submitted two of the declarations in support of the motion to intervene. The Court grants the motion to intervene but denies the motion to seal.

1

I

On December 8, 2023, EEOC Commissioner Andrea Lucas filed a charge of discrimination against the University of Pennsylvania, alleging the University had engaged in a pattern or practice of harassment against Jewish employees. (Comm'r's Charge at 1, Dkt. No. 1-4.)

On July 23, 2025, the EEOC issued an administrative subpoena to the University. The subpoena sought, among other things, contact information for employee members of Jewish-related organizations on campus and employees in the University's Jewish Studies Program. (Subpoena No. Pa. 25-07 at 5–7, Dkt. No. 1-20); *see also* (Determination of Pet. to Revoke or Modify Subpoena at 14, Dkt. No. 1-22). The University did not comply with the subpoena and the EEOC filed this lawsuit to enforce it. (Appl. for an Order to Show Cause at 17, Dkt. No. 1.)

The University contends the EEOC's charge of discrimination is invalid, the subpoena seeks irrelevant information and is unduly burdensome and also that the University's privacy interests outweigh the EEOC's need for the information. *See* (Resp't's Opp'n to Appl. for an Order to Show Cause at 13–24, Dkt. No. 20). The University also challenges the subpoena on First Amendment grounds. *See* (*id.* at 24–26). Each proposed intervenor has members who are University employees in Jewish-related organizations or programs and the EEOC's subpoena seeks information concerning them. (Motion to Intervene at 8, Dkt. No. 14-1.)

II

The proposed intervenors seek primarily to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). A party has a right to intervene under Rule 24(a)(2) if it files a timely motion and shows: (1) a sufficient interest in the litigation, (2) the

2

litigation poses a tangible threat to its interest and (3) its interest is not adequately represented in the litigation. *See* Fed. R. Civ. P. 24(a)(2); *United States v. Territory of Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014); *Pennsylvania v. President United States of Am.*, 888 F.3d 52, 57 (3d Cir. 2018). The proposed intervenors timely seek to intervene as respondents and they request the same relief as the University.

1

A proposed intervenor must first assert an "interest relating to the . . . transaction that is the subject of the action," Fed. R. Civ. P. 24(a)(2), here the EEOC's subpoena directing the University to produce certain information. Under Rule 24(a)(2), an interest must be significantly protectable. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). It must be specific to the proposed intervenors and capable of definition. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998); *President United States of Am.*, 888 F.3d at 58. And it must be direct, not remote, *Kleissler*, 157 F.3d at 972, and legal in nature, *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 318 (3d Cir. 1995). Whether an interest is sufficient demands "adherence to the elasticity that Rule 24 contemplates" and involves "pragmatic considerations." *Kleissler*, 157 F.3d at 970.

The proposed intervenors seek to defend against the disclosure of their affiliation with certain University groups. They argue the EEOC's subpoena enforcement action could harm them by forcing the University to disclose their members' affiliation with Jewish-related organizations or programs. (Mot. to Intervene at 10.) They contend their members' First Amendment rights to free association would be infringed should that happen. (*Id.*); *see also* (Reply in Supp. of Mot. to Intervene at 5, Dkt. No. 35).

3

The proposed intervenors have a sufficient interest in preventing enforcement of the EEOC's subpoena. First, they have a direct and specific, as opposed to remote, stake in the litigation. *Kleissler*, 157 F.3d at 972. The subpoena seeks information about the proposed intervenors' members' affiliation with Jewish-related groups on the University's campus. Second, the proposed intervenors' interest is significantly protectable, capable of definition and legal in nature. *See President United States of Am.*, 888 F.3d at 58. They contend that the subpoena infringes their members' rights to free association under the First Amendment. That is an interest "the law deems worthy of protection." 6 James Wm. Moore, *Moore's Federal Practice* § 24.03[2][a] (2026); *see EEOC v. Univ. of Pa.*, 850 F.2d 969, 980 (3d Cir. 1988) (First Amendment defenses may be raised in administrative subpoena enforcement actions); *NAACP v. Alabama ex. rel. Patterson*, 357 U.S. 449, 462 (1958) (explaining the right to free association under the First Amendment). Finally, pragmatic considerations favor the proposed intervenors. *Kleissler*, 157 F.3d at 970. Their participation in this litigation could "contribute to a greater understanding of the issues" raised by the University. *Harris v. Pernsley*, 820 F.2d 592, 600 (3d Cir. 1987).

The EEOC believes the proposed intervenors' First Amendment argument fails on the merits. *See* (EEOC's Opp'n to Mot. to Intervene at 15–17, Dkt. No. 28). But an "application to intervene cannot be resolved by reference to the ultimate merits of the [arguments] which the intervenor wishes to assert following intervention." *Oneida Indian Nation of Wis. v. New York*, 732 F.2d 261, 265 (2d Cir. 1984); 6 James Wm. Moore, *Moore's Federal Practice* § 24.03[1][a] (2026) (a court "should not resolve a motion for intervention of right by reference to the ultimate merits of the claim the intervenor seeks to assert"); *see also Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164

4

F.3d 1080, 1081 (8th Cir. 1999) (same).  It is the "sufficiency of [the] interest" that "entitles the intervenor to contest the merits of his/her claim based on that interest." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 130 (2d Cir. 2001).

2

The proposed intervenors must next show "disposing of the action may as a practical matter impair or impede" their "ability to protect [their] interest."  Fed. R. Civ. P. 24(a)(2).  If the Court enforces the EEOC's subpoena, the University must disclose information about the proposed intervenors' members' affiliation with Jewish-related University groups.  The EEOC's subpoena enforcement action therefore "poses a tangible threat" to the proposed intervenors' ability to protect their interest.  *President United States of Am.*, 888 F.3d at 59.

3

Finally, the proposed intervenors must show the University's representation of their interests "'*may be*' inadequate."  *Mountain Top Condo. Ass'n*, 72 F.3d at 368 (emphasis added); *see also* Fed. R. Civ. P. 24(a)(2).  This is a highly fact-bound inquiry colored by the "flexibility that Rule 24 contemplates."  *President United States of Am.*, 888 F.3d at 62 (internal quotation marks and citation omitted).

The proposed intervenors clear this bar.  Because the University objects to the subpoena on grounds primarily unrelated to the First Amendment, the University may not sufficiently attend to the proposed intervenors' specific arguments.  *Id.* at 61.

III

The proposed intervenors seek in the alternative to intervene under Federal Rule of Civil Procedure 24(b)(1)(B).  A district court may allow a party to intervene in a case if it files a timely motion and "has a claim or defense that shares with the main action a

5

common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court must consider whether intervention will unduly delay or prejudice adjudication of the original parties' rights. *Id.* 24(b)(3). District courts have wide latitude under Rule 24(b)(1)(B). *See Territory of Virgin Islands*, 748 F.3d at 519 (appellate courts are "reluctant to intrude into the highly discretionary decision of whether to grant permissive intervention") (internal quotation marks and citation omitted).

The proposed intervenors' motion is timely, and they assert a defense that shares a common question of law with the EEOC's subpoena enforcement action—namely, whether enforcement of the subpoena would infringe the First Amendment rights of certain Jewish employees. Intervention won't unduly delay this litigation. The proposed intervenors already filed a brief in response to the EEOC's application for enforcement of the subpoena. Nor will intervention prejudice the EEOC, which will have an opportunity to reply to the proposed intervenors' arguments on the merits.

IV

Lastly, the proposed intervenors seek to seal two declarations attached to their motion to intervene in an effort to keep secret the names of the declarants. A document in a civil action may be filed under seal only if (relevant here) "the Court orders the document sealed." Loc. R. Civ. P. 5.1.5(a)(2). Before sealing documents from the public, the Court must consider the "rigorous common law right of access" standards. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019). The "common law presumes that the public has a right of access to judicial materials." *Id.* at 672. This right of access attaches to, among other things, judicial records. *Id.* To be a judicial record, the document "must be relevant to the performance of the judicial function and useful in the judicial process." *N. Jersey Media Grp. v. United States*, 836

F.3d 421, 435 (3d Cir. 2016) (internal quotation marks and citation omitted).  Judicial records include "material filed in connection with nondiscovery pretrial motions." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).

There is a strong presumption in favor of openness as to judicial records.  *See id.*  A party seeking to overcome this presumption bears the burden of showing that the interest in secrecy outweighs the presumption.  *In re Avandia*, 924 F.3d at 672.  The movant must show disclosure will work a clearly defined and serious injury.  *Id.*  "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

The proposed intervenors claim the individuals at issue "fear[] for their personal safety" and one of them in particular "fears that publicizing her involvement in this case . . . could put her employer at risk."  (Mot. to Seal at 7, Dkt. No. 15-1.)  But "blanket assertions of harm that 'could' come to fruition fall short of the clearly defined and serious injury that [the proposed intervenors] must articulate."  *In re Avandia*, 924 F.3d at 679.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*<br>Gerald J. Pappert, J.